# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:                              )
    David Parmer,                )     Chapter 7
                                 )     Case No. 11-10599
            Debtor       )

## ORDER DISMISSING CASE

Presently before the Court is the Chapter 7 trustee's motion to dismiss, and the Debtor's ex-wife's competing motion to dismiss with prejudice.

This Debtor's case has endured a long and tortuous path. It began in late April of 2011 when the Debtor filed a voluntary Chapter 7 petition. In August of 2011, on the eve of when the Debtor would otherwise have received his discharge and the case would have closed, the Debtor filed a motion to convert to Chapter 13. At the same time, the debtor's ex-wife, Sheila Ednacot-Parmer ("Sheila"), acting pro se, filed a letter with this Court which was accepted as an informal objection to the dischargeability of certain marital debts and/or family support obligations, and an adversary proceeding was opened. Her informal complaint included a November 2010 order from a North Carolina state court dividing marital property and allocating debt, and Sheila's April, 2011 state court motion for contempt, alleging that the Debtor had failed to comply with the requirements of the November 2010 order. This Court entered an order requiring Sheila to file an adversary proceeding cover sheet and pay the filing fee. When she failed to do so, the adversary proceeding was dismissed.

In the absence of objection, the Debtor's motion to convert was granted. The Debtor filed his Chapter 13 plan and, after some delays, set it for hearing. Objections to confirmation of the plan were filed by the Chapter 13 trustee and Sheila (now represented by counsel), and an evidentiary hearing on approval of the plan was scheduled for May 9, 2012. On May 8, 2012, the Debtor withdrew his plan, claiming he was unable to attend the hearing scheduled for the next day,

and also filed a motion to dismiss his case. Sheila objected to dismissal and asked that the case be reconverted to Chapter 7. In August of 2012, following a hearing, this Court denied the Debtor's motion to dismiss and granted Sheila's motion to convert.

The Debtor appealed that decision to the District Court, but the Debtor failed to pursue his appeal, and it was dismissed.

In January of 2013, the United State Trustee filed a motion to approve a waiver of the Debtor's discharge. Sheila objected, arguing that if the Debtor were permitted to waive his discharge, he would be free to file a new bankruptcy case in California, where he had since moved. Following a hearing, this Court denied the waiver of discharge.

In May of 2013, the Chapter 7 trustee asked that the case be dismissed because the Debtor had failed to attend a meeting of creditors upon reconversion of the case. Sheila objected, asking that any dismissal be with prejudice. Following some delays, this Court in September of 2013 held a hearing on the competing motions to dismiss. The issue of whether the case could be dismissed with prejudice under 11 U.S.C. §349 was raised at the hearing, but as the issue had not previously been briefed, the Court invited the parties to do so, which they have now done.

Despite the long history of this case, the positions of the parties have been relatively consistent. Since the Debtor relocated to California, he has been trying to remove his case from this Court's jurisdiction either through dismissal or waiver of discharge, with the apparent intent to refile in California. Sheila, having been frustrated in her attempts to collect marital obligations from the Debtor in the North Carolina divorce court by his bankruptcy filing here, does not want to encounter further delays by the dismissal of this case, to be followed by a new bankruptcy filing in California.

At the heart of the current dispute is whether the Debtor should suffer some consequence

other than dismissal of his case.

Dismissal of a case is generally without prejudice, but a court is given discretion to order otherwise for cause. 3 Collier on Bankruptcy §349.02[2](Alan N. Resnick & Henry J. Sommer eds. 16th ed.). In In re Frieouf, 938 F.2d 1099 (10th Cir. 1991), the Circuit distinguished between denying a debtor access to bankruptcy court under §109(g) and denying a debtor future discharge of debts which would otherwise be dischargeable in the current case under §349(a).[1] In that case, the Circuit held that a debtor could only be denied access to bankruptcy court for a maximum of 180 days under §109(g). However, the Circuit upheld the bankruptcy court's order under §349(a) denying discharge of debts dischargeable in that case for three years.

In this case, the Debtor concedes that none of his debts to Sheila are dischargeable. Thus it would appear that §349(a), which treats dischargeable debts, has no application here. Sheila fears that the Debtor will be able to discharge his property settlement obligations in a new Chapter 13 case because §523(a)(15) obligations may be discharged in Chapter 13. This fear may be well-founded, but given that those obligations are not dischargeable in this Chapter 7 case, whether they will be dischargeable in a future Chapter 13 case is a matter for a different time and before a different forum.

As to §109(g), there is cause to deny the Debtor access to bankruptcy court for 180 days, as demonstrated by his failure to appear for a long-scheduled hearing on confirmation of his Chapter 13 plan, and his failure to appear at his meeting of creditors upon conversion to Chapter 7. The Debtor's case is therefore dismissed, and he is prohibited from filing another bankruptcy case for 180 days. SO ORDERED.

---

[1] There are other courts which disagree with the Tenth Circuit, and approve the use of §349(a) to bar refiling for more than 180 days to address, for example, the issue of serial filers. See .e.g. Casse v. Key Bank Nat'l Ass'n (In re Casse), 198 F. 3d 327 (2nd Cir. 1999). The important difference in those cases is that they barred refiling to discharge debts which would otherwise be dischargeable.

3

DATED: October 1, 2013

_____
Louis H. Kornreich, Judge
U. S. Bankruptcy Court